Theresa Garner
1688 South 236th Drive
Buckeye, Arizona 85326
(623) 386-8111

FILED ___ LODGED
RECEIVED ___ COPY
JUL 1 8 2013
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Garner, | |
| Plaintiff, | Case No.: |
| v. | CV-13-01458-PHX-GMS |
| U.S. Department of Commerce Freedom of Information Penny Pritzer, Secretary, | COMPLAINT FOR INJUCTIVE RELIEF FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 |
| and | |
| Department of Justice | |
| Defendants. | |

### COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the immediate processing and release of agency records requested by Plaintiff, Theresa Garner Case No: CV-12-1330-PHX-SRB, from the Defendants U.S. Department of Justice ("DOJ"), Department of Justice Counsel of Record, Peter Lantka, Assistant U.S. Attorney and the U.S. Department of Commerce ("DOC").

- 1

2. Plaintiff submitted a FOIA request ("the Request") to the DOC and DOJ, and one specific component of the DOJ—the Office of Legal Counsel ("OLC") Two Renaissance Square, 40 North Central Avenue, Suite 1200, Phoenix, Arizona 85004-4408—requesting the release of records relating to a Decennial Cirt ----a department commonly used to report stolen/lost DOC items---on Plaintiff stolen business and personal belongings. The Request was submitted to the DOC and DOJ agencies on February 8, 2011 and the later to the DOJ on January 26, 2013 through the discovery process Plaintiff's Production of Documents Request.

3. Although more than 20 days had elapsed with 2 separate requests since the Request was filed, only a partial record was released in response to the Request from the DOC. The DOJ simply declined the request. The defendants have provided inconsistent responses to Plaintiffs' application for expedited processing over the 20 days limitation period. The defendants have not provided complete report on the disposition and final outcome and results of the investigation of reported stolen items and the name of the parties who were involved in the investigation of the items confiscated.

4. Plaintiff now ask this Court to order the Defendants immediately to process all records responsive to the Request and to enjoin the Defendants from charging the Plaintiff fees for processing the Request.

## Jurisdiction and Venue

5.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

6.  Venue lies in this district under 5 U.S.C. § 552 (e) as amended, 28 U.S.C. § 2401(a).

7.  Defendant DOC is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f) (1).

8.  Defendant DOJ is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f) (1). The OLC is a component of the DOJ.

## Factual Background

12. Since June 22, 2012 Plaintiff has been in litigation pursuant Title VII against Defendant, the DOC ("Agency"). Plaintiff reported a matter of discrimination based upon race on behalf of herself and 4 other coworkers/Assistant Managers, experiencing similar conduct of Roger Quindel ("Quindel") at a Local Census Office (LCO). On or about January 1, 2010, Plaintiff reported this discriminatory behavior, hostile work environment, retaliation and harassment. On or about January 11, 2010, the EEO informal pre-complaint notified Quindel of this charge against him. On or about the next day after the weekend Quindel had changed Plaintiff's door lock code, packed up

Plaintiff belongings and locked Plaintiff out of her office and moved other workers into Plaintiff's Office. On or about January 11, 2010 through February 16, 2010 Plaintiff was instructed by her Supervisors, Quindel was not Plaintiff Supervisor, not to return to the Office and to report to a distant satellite office until an investigation took place. On or about February 16, later that evening 30 days later, Defendant phoned and instructed Plaintiff to go back to the office and pick up her business belonging and personal belongings. Plaintiff arrived on this date of February 16, 2010 and all Plaintiff's business belongings, 11 files were confiscated, and the Manager Quindel falsely told the Police that he did not enter the room and had instructed staff to box and move Plaintiff out of the Office. All staff denied knowledge of the whereabouts of Plaintiff's business belongings, up and until all employees were terminated on June 6, 2010, 6 months later. Plaintiff reported the stolen/confiscated items immediately to the Police Department and the Agency DOC, Decennial Cirt (DOC's designated department/area to report stolen items). The Agency failed to conduct any investigation during this time period and the DOJ and Agency has refused to date to release the entire Decennial Cirt report ("Cirt") Case. No. 5977 for the pending lawsuit Case No. CV-12-1330-PHX-SRB. Plaintiff requested the immediate release of the disposition and results of this Cirt report. Plaintiff requested the names of all Supervisors involved in the investigation of this Cirt report. Plaintiff requested the entire report and received a partial report from the defendant without this identifying information.

The Agency has denied knowledge of the whereabouts of Plaintiff's business belongings throughout the duration of the events that led up to confiscation/stolen property. This FOIA complaint is crucial and time sensitive. This FOIA complaint includes substantial documentation on the Agency's direct denied knowledge and whereabouts of Plaintiff personal and business belongings denied to date.

### FOIA Request

13. On February 8, 2011 the Plaintiff submitted a Freedom of Information Act Request ("F.O.I.A.") to the DOC designated FOIA office. On January 26, 2013, the Plaintiff submitted a Production of Documents from the lawsuit filed regarding this matter to the attention of the DOJ Counsel of record for the Defendants, Peter Lantka, Assistant Attorney.

14. The FOIA request was for the complete record and disposition, and names of all Supervisors contained in the record involved in the actual claimed Cirt investigation. This request included any email, memos, documents. The DOJ "declined" the request outright in their response to the Production of Document served on the DOJ January 23, 2013.

15. Plaintiffs sought expedited processing of the request on the grounds that there is a "compelling need" for these records because the information requested is for Case CV-1330-PHX-SRB urgently needed to meet the discovery deadline set by this Court November 1, 2013. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 22 C.F.R. § 171.12(b)(2); 28 C.F.R. § 16.5(d)(1)(ii); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. §

1900.34(c)(2); *see also* 28 C.F.R. § 16.5(d)(1)(iv), (providing for expedited 32 C.F.R. § 1900.34(c)(2) (providing for expedited processing when "the information is relevant to a subject of public urgency concerning an actual or alleged Federal government activity").

16. Plaintiffs sought a waiver of search, review, and duplication fees on the grounds that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 22 C.F.R. § 171.17(a); 28 C.F.R. § 16.11(k); 32 C.F.R. § 286.28(d); 32 C.F.R. § 1900.13(b)(2).

17. On July 18, 2013, the Plaintiff served a subpoena on the defendants.

### The Government's Response to the Request

18. By letter dated March 9, 2011, the DOC, provided only a partial record.

19. The DOC provided basis for withholding responsive record that portions of documents are exempt from disclosure under exemption (b)(5) are one or more of the following: predecisional and deliberative in nature, attorney client privileged, and attorney work product when there was no investigation per the Defendant sworn responses.

20. The Defendant, the Agency's disclosure of names of supervisors involved in the investigation of property both personal and professional belongings is not privileged and there were no lawsuits at that time to claim attorney work in product.

21. The disposition is crucial to the lawsuit and the result of any/all

investigation has nothing whatsoever to do with predecision, or deliberation, or attorney client privileged and attorney work product. Again, there was no investigation in this matter claimed by the Agency.

22. The results of plaintiff's stolen/confiscated materials has everything to do with Plaintiff's open personnel record of Plaintiff's property and this matter of personnel records meets the FOIA requirements for release of all records.

23. On March 12, 2010, Plaintiff timely filed an administrative appeal of DOC's FOIA partial denial.

24. The DOC rejected the appeal stating the appeal was too late, when Plaintiff had filed more than 2 requests timely without a timely reply by Defendants within the 20 business days.

25. No further response or correspondence has been received from the DOC and DOJ. No records responsive to the Request have been released by the DOC, nor has the DOJ indicated that it has begun searching for or processing responsive records.

### Causes of Action

26. Defendant's failure to grant FOIA to the Plaintiff is a violation of FOIA inter-agency or intra-agency memorandums or letters which would be available to a party presently in litigation with the agency, 5 U.S.C. § 552(b) (5);

27. Defendants have sworn that no investigation took place in their response to the Production of Document Requests and other documentation. Therefore, without any investigation taking place as claimed by the defendant, there are no such applicable

exemptions in this record and in this case file subject to withholding under exemption (b)(5) generally consisting of complaint examiner, investigator, and/or attorney notes, analyses, recommendations, interview summaries or transcripts, and investigative reports or summaries.

28. Defendants' failure to make a reasonable effort to search for records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

29. Defendant's failure to make available access to certain personnel records Requesting Investigation Copies, without a FOIA Request, FOIA, Title 5 of the United States Code, section 552, this Act requires that certain records be made available without requiring a FOIA request. Such records include:

    a. Final opinions made by OPM in adjudication of cases;

    b. OPM policy statements and interpretations adopted by OPM but not published in the Federal Register;

    c. OPM administrative staff manuals and instructions that affect a member of the public;

    d. Copies of records disclosed in response to a FOIA request that have become or are likely to become the subject of subsequent requests; and

    e. (D) copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature

of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; these records have already been released to the DOJ counsel, and

28. Defendants' failure to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

29. The failure of Defendants DOJ and DOC to grant Plaintiffs' request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

30. Defendants' failure to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

31. Defendants' failure to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

**Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

    A.   Order Defendants immediately to expedite process all records responsive to the Request;

    B.   Order defendants to disclose the requested records in their entireties and make copies available to plaintiff;

C.    Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the request;

D.    Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Theresa Garner*

Theresa Garner

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document (Plaintiff's First Set of Request for Production of Documents) was sent, by the means indicated below, to the following parties on the date of the signature here below:

By First Class Mail

7-18-2013    */s/ Theresa Garner*

Date    Theresa Garner
1688 South 236th Drive
Buckeye, AZ  85326
(623) 386-8111

John S. Leonardo
United States Attorney
District of Arizona

PETER M. LANTKA
Assistant U.S. Attorney
Indiana State Bar No. 24636-71
Illinois State Bar No. 6277854
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4408
Telephone:  (602) 514-7500
Facsimile:  (602) 514-7760
E-Mail: peter.lantka@usdoj.gov

- 10 -

Attorneys for the Defendants

U.S. Department of Commerce
Freedom of Information Act
Room 5898-C
Assistant General Counsel for Administration
ATTN: Barbara Fredricks
1401 Constitution Avenue, N.W.
Washington D.C. 20232
1-202-482-5357

and

U.S. Department of Justice
Eric Holder, Attorney General
950 Pennsylvania Avenue, NW
Room B-103
Washington, DC 20530-0001
202-514-2001

and

U.S. Department of Commerce
ATTN: Penny Pritzer
1401 Constitution Ave., N.W.
Room 5516
Washington, D.C. 20230
1-202-482-2000